UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
EDWIN GERMAN ESCALANTE, on behalf                           :
of himself and other similarly situated                     :  **MEMORANDUM DECISION AND**
employees,                                                  :  **ORDER**
                                                            :
                         Plaintiff,                         :  21-cv-3900 (BMC)
                                                            :
            - against -                                     :
                                                            :
LONESTAR SPORTS BAR AND GRILL,                              :
INC., LONESTAR BBQ EXPRESS, TRACY                           :
A. BLAIS, and ANTHONY GENTILE,                              :
                                                            :
                         Defendants.                        :
                                                            :
----------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff worked as a cook for defendant Lonestar Bar and Grill from June 2011 through about June 17, 2021.[1] He alleges that Lonestar and its defendant owner-operators failed to pay him overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and corresponding provisions of the New York Labor Law ("NYLL"), §§ 190, 195 and 650 *et seq.* He also asserts that he did not receive spread-of-hours pay as required by 12 NYCRR § 146-1.6(a), nor did he receive the time-of-hiring wage disclosure or the weekly pay period wage statements required by NYLL § 195(1) and (3). Before me is plaintiff's motion for a default judgment. With two adjustments set forth below, the motion is granted.

According to his complaint and affidavit in support of his motion for a default judgment, plaintiff worked 12 hours per day four days a week, and 11 hours per day twice a week. At all

---

[1] It appears that defendant Lonestar BBQ Express was a d/b/a for Lonestar Sports Bar and Grill, Inc., operated by the individual defendants at a different location. In any event, service was never made on that defendant and so it is dismissed pursuant to Fed. R. Civ. P. 4(m).

times, he was paid weekly and in cash as an "off-the-books" employee. He was paid a straight salary of $650 per week from 2015 through 2017; $700 per week in 2018; $850 per week in 2019 and 2020; and $900 per week in 2021. At no time did he receive overtime pay despite working over 40 hours every week.

Defendants kept no record of his time and neither did plaintiff, so he is testifying from his memory. In addition, defendants never gave plaintiff the time-of-hiring wage notice and the pay-period wage statements required under NYLL § 195(1) and (3), respectively.

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158. To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here. Plaintiff's affidavit constitutes adequate proof of his damages.[2] There is no point in having him appear in court to repeat his hours and terms of employment as set forth in his affidavit. The complaint and affidavit also contain sufficient allegations as to the individual defendants' management and control over the business and the setting of plaintiff's salary.

Plaintiff's evidence and the allegations in the complaint demonstrate his entitlement to each of the following categories of damages:

| ELEMENT OF DAMAGES | AMOUNT |
| --- | --- |
| Unpaid overtime wages | $264,825.00 |
| Spread-of-hours wages | $23,644.50 |
| Liquidated damages | $288,469.50 |
| Sub-total | $576,939.00 |
| Prejudgment interest on unpaid wages for three years @9% (N.Y. CPLR § 5001(b)) | $77,886.77 |
| Wage statement violation | $5,000.00 |
| TOTAL | $659,825.77 |

I reject plaintiff's claim for an additional $5,000 for failure to provide a time-of-hiring notice under NYLL § 195(1). Although plaintiff began working for defendants in 2011, he recognizes that he can only recover from 2015 because New York law has a six-year statute of limitations. The time-of-hiring violation accrued in 2011, on the day that plaintiff started work, and increased daily thereafter, up to the statutory maximum of $5000. See NYLL § 198(1-b). But since that $5000 has been owed for more than six years, it is time-barred, and it did not accrue anew because plaintiff was not re-hired at any time during the limitations period.

Next, I reject plaintiff's prejudgment interest calculation. Based on the statutory prejudgment interest rate of 9%, see N.Y. CPLR § 5004, the total unpaid overtime wages, and

---

[2] As plaintiff acknowledges, the FLSA gets him nothing in this case except a jurisdictional hook into federal court. His damages under New York law exceed the FLSA in every category except that federal and state law effectively award the same amount of liquidated damages for unpaid overtime.

3

the spread-of-hours wages, and using a mid-point of employment within the limitations period, the interest calculation is $77,886.77.

In addition, plaintiff seeks recovery of attorneys' fees in the amount of $7,967.50 for 19 hours of work at $400 per hour as well as costs of $460.  Plaintiff's counsel is a labor lawyer of great experience.  The amount of time he spent on this case is reasonable, and his requested hourly rate of $400, at or near the top of the wage litigation legal market in this district, is warranted.  See Encalada v. Bay Ridge Enterprises Ltd., 612 F. App'x 54 (2d Cir. 2015); Nuriddinov v. Masada III, Inc., No. 15-cv-5875, 2017 WL 9253401, at *11 (E.D.N.Y. July 24, 2017), adopted by, 2018 WL 1251335, (E.D.N.Y. Mar. 12, 2018); Ferrera v. Tire Shop Ctr., No. 14-cv-04657, 2016 WL 7626576, at *5 (E.D.N.Y. Oct. 14, 2016), adopted by, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017).

The requested costs of $460 for the filing fee and service of process are also reasonable and will be allowed.

Plaintiff's motion for a default judgment [14] is therefore granted to the extent set forth above.  The Clerk is directed to enter judgment for plaintiff and against defendants, jointly and severally, in the amount of $659,825.77 in damages plus attorneys' fees and costs of $8,427.50, for a total of $668,253.27.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
November 2, 2021